MAGDALENA SACKBERGER, Appellant, v. NATIONAL
    GRAND LODGE OF THE INDEPENDENT ORDER OF
    TRUE LEAGUE OF THE UNITED STATES, Respond-
    ent.

St. Louis Court of Appeals, January 4, 1898.

Instruction: EVIDENCE: NEW TRIAL. An instruction to the jury as
    to a disputable presumption of law when there was substantial testi-
    mony bearing on the issue, was error, and a new trial was properly
    granted on that ground.

Appeal from the St. Louis City Circuit Court.—HON.
    PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in
    the result only, in a separate opinion filed.

Frederick H. Bacon for appellant.

The instruction for the giving of which the court
sustained the motion for new trial was, under the evi-
dence, not objectionable, because there was no direct

evidence as to suicide, except the admission of a man too sick to know what he was saying, and plaintiff should have the benefit. of the presumption of law against suicide. *State v. Patrick*, 107 Mo. 172; *Berry v. Wilson*, 64 *Id.* 164.

The jury could not have been misled by the instruction, and the giving of it, even if error, was not reversible error. *Alberger v. White*, 117 Mo. 347.

*B. Schnurmacher* for respondent.

The instruction which the court below held erroneous was full of error. *Lee v. Knapp*, 55 Mo. App. 390; *Meyers v. Kansas City*, 108 Mo. 480; *Rapp v. R. R.*, 106 *Id.* 423; *Moberly v. R. R.*, 98 *Id.* 183; *Schepers v. R'y*, 126 *Id.* 665. See, also, *State v. Heinze*, 45 Mo. App. 403.

BOND, J.—This action is upon a benefit certificate for $1,000 issued October 20, 1894, to the wife of a member of the defendant order. The husband died April 13, 1896. The defense is that the member committed suicide, and that this fact, under an amendment in 1895 of defendant's laws, only entitled the holder of the certificate to one half of the sum for which it was given. This amount, to wit, $500, defendant offered to pay. The reply denied the averments of the answer. There was a judgment for plaintiff for the full amount of the certificate. The court sustained the motion of defendant for a new trial for error in the giving of the following instruction:

"The court instructs the jury that the presumption of law is against suicide, and that in this case the burden of proof is on the defendant to establish by a preponderance of the evidence the fact that deceased committed suicide and unless the jury find from the evidence that Sackberger did commit suicide, then the

jury must find for the plaintiff for the full amount of the claim with interest from the time of filing this suit." Plaintiff appealed from this ruling.

On the issue as to suicide defendant's evidence tends to show that after six months' confinement in the workhouse plaintiff's husband came to her house to get his clothes, which were given to him, and he dressed outside in the yard; that he returned on the evening of the same day and laid down under the porch in the yard, sick and vomiting; that a police officer was sent for, and he was taken away in an ambulance. This officer testified that when he found the deceased lying under the porch he pulled him out and asked him what was the matter. The man said he was sick. "At first he denied having taken anything, but the officer found a package of paris green by his side, and repeated his question. Sackberger (the husband) then said that he procured the poison at a drug store because he was tired of living and said he had been confined in the work house. The officer of the city dispensary testified that he diagnosed the case when the man was brought for treatment as one of paris green poisoning and forwarded the patient to the city hospital. The superintendent of the city hospital testified that the patient had all the symptoms of paris green poisoning, and told witness that he had taken paris green because he was tired of life and wanted to kill himself. Witness saw paris green coming from Sackberger's stomach, and while the latter was weak and depressed, he was nevertheless able to talk and made the statement which witness testified." Under this state of the proof the action of the trial court was clearly correct in awarding a new trial for inadvertence on its part in instructing the jury as to a disputable presumption of law in the face of substantial testimony bearing on the

issue. *Lee v. Knapp*, 55 Mo. App. 390, and cases cited; *Schepers v. R'y*, 126 Mo. 665.

The principle of law excluding presumptions arising from the absence of any evidence when substantial evidence is adduced is not confined to actions for negligence, as contended by the learned counsel for appellant. It rests upon the broad reason applicable to all cases that presumptions as to facts or events arising from the absence of all evidence, can not be rationally indulged when the reason on which they are founded has been caused to cease by the introduction of evidence throwing light on the occurrences and explanatory of their causes. The ruling of the trial court in awarding a new trial will be affirmed. All concur. Judge BIGGS in the result only.

BIGGS, J. *(concurring).*—I am of the opinion that the circuit court did right in granting a new trial. The instruction given for plaintiff was faulty. But there is an important question in the case which is entirely overlooked in the opinion. It is presented in the briefs and will be important on a retrial. The deceased member belonged to class "A." At the time he became a member the following by-law of the association was in existence: "For a member in class A and B who shall commit suicide, the designated heirs shall be entitled only to one half of the amount stated in the certificate." Subsequently the Grand Lodge of the association undertook to amend this by-law so as to read as follows: "For a member in class A, B, or C, *who shall take his own life* or commit suicide, *sane* or *insane*, the designated heirs mentioned in his certificate shall be entitled to only one half of the death money stated in the certificate." The amendment is indicated by the italicized words. Against the objection of the plaintiff the defendant was permitted to intro-

duce evidence as to this change in the by-law, and the court also instructed the jury in accordance with the by-law as amended. The binding force of this amendment as to existing contracts of insurance is sought to be justified under the following provisions of the constitution of the order, to wit:

"Changes or additions to this constitution can be made only in a regular meeting of the National Grand Lodge if three representatives desire it, and two thirds of all the representatives present vote for it, and such change or additions shall at once go into effect." Did this section of the constitution authorize the National Grand Lodge of the order to amend its by-laws so as to materially effect existing contracts of insurance? In the case of *Hysinger v. Sup. Lodge*, 42 Mo. App. 635, and *Grand Lodge v. Sater*, 44 Mo. App. 452, which were cases not materially different as to their facts from this, we decided that a benefit certificate was like any other contract of insurance, and that it was beyond the power of the association to pass any law impairing such an obligation except by the assent of the member. It can not be said in the case here that the provision of the constitution quoted is broad enough to warrant the conclusion that the deceased, by agreeing to abide by and observe the laws of the order, thereby agreed to consent to changes which materially affected his contract of insurance. The case of *State ex rel. Schrempp v. Grand Lodge*, decided by us at the last term, and that of *Ellerbe v. Faust*, 119 Mo. 653, are relied on by defendant as declaring a different doctrine. In the *Schrempp* case, the member became the keeper of a saloon after the by-law of the association was adopted prohibiting members from following such a business. In the *Ellerbe* case there was a clause in the constitution of the order giving the board of directors power to amend by-laws relating to

the forfeiture of membership, etc. This suffices to show the distinction between those cases and the one here. I therefore concur in affirming the action of the court in sustaining the motion for a new trial, but I disapprove of the defense attempted to be interposed.